POPE MANUF'G CO. *v.* GORMULLY & JEFFREY MANUF'G CO. *et al.*
(No. 850.)

*(Circuit Court, N. D. Illinois.* April 30, 1888.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—AXLE-BEARINGS.
The device shown by claims 2 and 3 of letters patent No. 249,278 of November 8, 1881, to Albert E. Wallace, for an "improvement in axle-bearings for vehicle wheels," consists of an axle upon which slide two sleeves, beveled at the ends which approach nearest to the middle of the axle, so that when these bevels are brought together, or approximately together, they will form a V-shaped groove upon the axle, the inner one of these rings or sleeves resting against the hub or shell of the axle, and the outer coming into close connection with the crank. Upon the axle is fitted a grooved bearing-box, containing metallic balls carried in said groove, and adapted to be partly retained in the groove upon the axle formed by these two beveled sleeves; and the adjustment to take up the wear of these balls is obtained by moving the outer sleeve upon the axle by means of a threaded screw at the outer end. *Held* void for want of novelty, being anticipated by the English patent of November 14, 1878, to James Bate.

2. SAME.
Claims 2 and 3 of letters patent No. 280,421 of July 3, 1883, to Albert E. Wallace for an "improvement in axle-bearings for vehicles," are: "(2) Constructed and combined * * * a two-part sleeve, a bearing-box, a row of balls, a serrated annulus, and a locking button, with an axle and hub and flange. (3) The combination, in a ball-bearing device, of a free bearing-box and a shell case." *Held* void for want of novelty, being anticipated by the English patents of November 14, 1878, to James Bate, of March 22, 1880, to Bown & Hughes, and of May 7, 1880, to Monks.

In Equity. Bill for infringement.
Before GRESHAM, C. J., and BLODGETT, D. J.
*Coburn & Thacher,* for complainant.
*B. F. Thurston* and *Offield & Towle,* for respondent.

BLODGETT, J. In this case defendants are charged with the infringement of patent No. 249,278, granted November 8, 1881, to Albert E. Wallace for "an improvement in axle-bearings for vehicle wheels;" and of patent No. 280,421, granted July 3, 1883, to Albert E. Wallace for "an improvement in axle-bearings for vehicles." Both these patents are for alleged improvements in what is known as "ball-bearing devices" for axles or journals, especially with reference to such bearings when used in connection with bicycles or tricycles; and the features of such patents specially in controversy in this case are the methods by which the adjustment of such bearings is obtained. The first patent contains four claims, but infringement is only charged as to the second and third of said claims, which are as follows:

"(2) The described anti-friction bearing for a wheel and axle, consisting of a one-part bearing-box and a two-part sleeve, having a circular row of balls within said box, and between bearing surfaces in the box, and on either part of the sleeve, and adapted for adjustment for wear and securement in position on an axle by a screw-thread at the outer end of one part of the sleeve, operating to draw it towards and from the other part, substantially as set forth. (3) The described anti-friction bearing for a wheel and axle, consisting of a two-part collar or sleeve adapted to inclose the axle, a one-part bearing-box inclosing said sleeve, and containing a recess with bearing-surfaces between which and a bearing-surface on either part the said sleeve is held, a circular row of balls combined and constructed essentially as shown and described, for securement in position and adjustment for wear by the pressure of one part of the sleeve against the hub of the wheel, and by an external thread on the other part of the sleeve, operating in an internal thread in a box secured to the axle on the opposite side, substantially as set forth."

Plainly stated, and stripped of technical verbiage, the device shown by the patent consists of an axle upon which slides two sleeves, beveled at their inner ends, or the ends which approach nearest to the middle of the axle, so that when these bevels are brought together, or approximately together, they will form a V-shaped groove upon the axle, the inner one of these rings or sleeves resting against the hub or shell of the axle, and the outer one coming into close connection with the crank. Upon the axle is fitted a grooved bearing-box containing metallic balls carried in said groove, and adapted to be partly retained in the groove upon the axle formed by these two beveled sleeves; and the adjustment to take up the wear of these balls is obtained by moving the outer sleeve upon the axle by means of a threaded screw at the outer end.

The second patent, No. 280,421, purports upon its face to be for an improvement upon the first-mentioned patent, and is stated to consist in improved means for adjusting the bearings, and for securing and adjusting the parts in position, and for adjusting and holding the frame of the vehicle and its load with relation to the bearing-box, and shows substantially the same beveled sleeves which were shown in the former patent, and forming a channel or groove in which the ball-bearings ride, or partly ride, with the grooved bearing-box to carry the balls slipped onto the axle so that the balls will move in channels or grooves formed by the beveled ends of the sleeves, operating substantially, so far as its practical service is concerned, like the device shown in the first patent. This patent contains four claims, and infringement is charged as to the second and third of said claims, which are:

"(2) Constructed and combined, substantially as herein set forth, a two-part sleeve, a bearing-box, a row of balls, a serrated annulus, and a locking-button, with an axle and hub and flange, essentially as shown and described. (3) The combination, in a ball-bearing device, of a free bearing-box, G, and a shell-case, E, substantially as set forth."

The defenses set up are want of novelty and non-infringement.

The complainant also charges in this case as in No. 824, *ante,* 877, heretofore considered and disposed of, that the defendants, by the contracts of June 13, 1883, and December 1, 1884, given by complainant to the defendant Gormully, have admitted the validity of these patents,

and complainant's title thereto, and are now estopped from denying the same; so that the only question left open in this case, as complainant claims, is the question of infringement. As we fully discussed in the first case the question of the binding character of these contracts, we do not consider it necessary to reconsider or review what was there said; but as this suit has special reference to the ball-bearing mechanisms used by the defendants in their machines, it may not be inappropriate to refer to the letter of complainant to Mr. Gormully of November 4, 1884, in answer to a letter of Gormully to complainant of October 29, 1884, in which the complainant says:

"You misread the license probably, as to the Peters patent, as we do not ask you to admit in that license that the ball-bearings on the 'Ideal' infringe that patent. As drawn out, it did ask you to admit the validity of that patent, and the scope of it, as covering ball-bearings with means for lateral adjustment. We would not ask you to relinquish any claim which you have in any patent."

As was said in the former case, it is hardly conceivable that Gormully, being himself the owner of ball-bearing patents, and working under them, would have signed these licenses with any other understanding of their import and effect upon him than that whenever they terminated he was remitted back to the same position in which he stood prior to the taking of the licenses; and, having found that Gormully is not estopped by these contracts in the former cases, we simply reiterate that conclusion in this case, and proceed to the consideration of the issues made upon the patents themselves.

The defendants have put in evidence, with special reference to the patents now in controversy, the specifications of the English patent granted November 14, 1878, to James Bate, which shows beveled sleeves upon an axle, so arranged as to slide with their beveled ends towards each other, forming a beveled or V-shaped groove, with a shell or ball-box surrounding such groove, and carrying the balls in the groove of the shell, so that when the parts were brought together, the balls would move upon these sleeved bevels, and with express provision for endwise adjustment by means of a screw-thread moving one of these sleeves; and, for the purposes of this case, it seems to us wholly immaterial which one of these sleeves or thimbles moves upon the axle, so long as it made provision for endwise adjustment. This device, so far as this matter of adjustability is concerned, it seems to us, is identical in construction and mode of operation with that of the first of the patents now under consideration, and to substantially anticipate the device covered by the second and third claims of the second Wallace patent. The same features are also shown in the specifications of the English patent of Bown & Hughes. dated March 22, 1880, where provision is made for lateral or endwise adjustment as it seems to us, by substantially the same device in all its modes of operation as is shown in the second of these patents; while the English patent to Monks of May 7, 1880, describes a device for lateral or endwise adjustment which, in all respects, seems to fully anticipate and cover the devices, so far as they may seem material, or patentable,

of this Wallace patent. With these old devices found in the art, it seems clear to us that the defendants had the right to use the ball-bearing boxes which are shown by the proof to have been embodied in their machine; and the conclusion is irresistible that the claims of both these patents upon which infringement is charged show nothing new or worthy of the name of invention. The bill is therefore dismissed for want of equity.